[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 11-12862
Non-Argument Calendar

————————————————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 6, 2012
JOHN LEY
CLERK

D.C. Docket No. 2:10-cv-00769-TMP

ROLAND ALLEN,

Petitioner - Appellant,

versus

CLP CORPORATION,
d/b/a McDonald's,

Defendant - Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Alabama

————————————————

(March 6, 2012)

Before PRYOR, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Roland Allen appeals the district court's grant of summary judgment to CLP Corporation, doing business as McDonald's, with regard to his claims under 42 U.S.C. § 1981 and § 2000a.

We construe the following facts in the light most favorable to Allen, as the nonmoving party. On July 10, 2009, Allen, who is African American, went to a McDonald's restaurant on Montclair Road in Birmingham, Alabama, to have a morning coffee and read papers. He had been having coffee at this same restaurant for three years roughly three to five days per week. On this occasion, Allen bought a coffee between 8:30 and 9:00 a.m. and sat down to read, spreading his papers out on a large table. The table could seat at least six people, although he was alone. After Allen sat and drank his coffee for approximately thirty to forty minutes, a white male came and sat at the same table for twenty minutes, at which point he said to Allen, "I'm going to need you to get up from this seat because we have other people that are coming here to sit in this seat." Soon, another white male arrived and told Allen, "[w]e're going to need for you to get up and move." When Allen refused, the men "got loud" at him, and he "got loud in return." One of the white men then said to Allen, "[t]hat's what's wrong with you people." At this point the manager came over and asked what was going on. When Allen explained the origins of the dispute, the manager told Allen, "I'm

2

going to need for you to get up." When he asked why, she answered, "[b]ecause I said so." When Allen refused, the manager threatened to call the police and walked off to make the call. At this point, Allen called the manager an offensive racial epithet and left. The manager barred Allen from the restaurant, but did not bar the white men. The restaurant lifted the bar three days later.

Allen filed suit, claiming that the manager deprived him of his right to enjoy the terms of the contract into which he entered under 42 U.S.C. § 1981, and violated the prohibition on race discrimination in public accommodations under 42 U.S.C. § 2000a.

On May 5, 2011, the district court granted summary judgment to CLP on the § 1981 claim, ruling that Allen failed make out a prima facie case. On the same day, the court issued an order to show cause why Allen's § 2000a claim should not also be dismissed. Allen filed a motion to alter or amend the order of summary judgment, which the court denied on May 24, 2011. The district court then granted summary judgment on Allen's § 2000a claim. Allen appealed.

This Court reviews a district court's grant of summary judgment de novo, viewing all facts and reasonable inferences in the light most favorable to the nonmoving party. Kinnon v. Arcoub, Gopman & Assocs., Inc., 490 F.3d 886, 890 (11th Cir. 2007). Summary judgment is proper when "there is no genuine dispute

as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Title 42 U.S.C. § 1981 grants every person the same right to "make and enforce contracts . . . as is enjoyed by white citizens."[1] 42 U.S.C. § 1981(a). The rights enumerated in § 1981 are "protected against impairment by nongovernmental discrimination." Id. § 1981(c). This Court defines the elements of a § 1981 claim to include "(1) that the plaintiff is a member of a racial minority; (2) that the defendant intended to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute." Kinnon, 490 F.3d at 891.

Allen argues that the district court erred in granting summary judgment on his § 1981 claim. The district court ruled that Allen failed to present any direct evidence of racial animus. The court further reasoned that Allen also failed to present circumstantial evidence to permit an inference of discriminatory intent, because Allen could not show that similarly situated individuals of a different race received more favorable treatment than him. Allen argues that CLP, in its motion for summary judgment, cited no authority concerning a discriminatory intent

---

[1] The phrase, "[m]ake and enforce contracts," is defined as "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

4

requirement, and did not question the lack of comparator evidence. Therefore, argues Allen, the district court failed to give him sufficient notice and opportunity to respond when it granted summary judgment on his § 1981 claim for lack of comparator evidence.

However, as the district court noted, CLP argued in its motion for summary judgment that Allen had failed to provide any evidence of discriminatory intent on the part of the restaurant's employees. In particular, CLP argued that the altercation between Allen and the other customers had nothing to do with restaurant employees, and that restaurant employees made no racially charged remarks. This argument was sufficient to put Allen on notice that he needed to point to evidence of discriminatory intent, whether direct or circumstantial. Further, CLP did not need to present legal authority in order to successfully raise this argument.[2] Indeed, Allen seemed to understand the scope of the issues at stake, given that in his response to CLP's motion for summary judgment, he argued that he had presented sufficient evidence of discriminatory intent "by showing that the Caucasian men who also became loud during the altercation were not asked to give up their seats nor to leave the restaurant, as was Allen."

---

[2] In any event, CLP presented sufficient legal authority to state this argument when it cited to Kinnon's three elements for a § 1981 claim, one of which requires evidence of discriminatory intent. 490 F.3d at 891.

Therefore, we cannot say that the district court erred in finding that there was insufficient comparator evidence.

Allen also argues that he established a prima facie case under § 1981. We are not persuaded, however. Allen has staked his entire claim on the fact that he received different treatment from the group of white men. But, as the district court pointed out, the uncontroverted evidence shows that Allen was in a substantially different commercial position than those men. Allen was dining alone, had occupied a large table for at least fifty minutes, and had purchased only one coffee. In contrast, the men were part of a group of six who had not yet begun to dine. As the district court stated, "[a] manager's decision to show some preference for a <u>group</u> of diners who have yet to order over a <u>single</u> diner who already has been served and has had ample time to finish his coffee, does not evidence discrimination, <u>absent some more telling conduct, such as abusive language or outright hostility</u>."[3] (final emphasis added). <u>Accord</u> <u>Christian v. Wal-mart Stores, Inc.</u>, 252 F.3d 862, 871 (6th Cir. 2001) (noting that in retail-services context, in absence of comparator evidence, plaintiff may establish prima facie case by

---

[3] Allen also argues that the district court erroneously relied on the fact that the manager was African American to conclude that no reasonable juror could make an inference of racial discrimination. We agree that the race of the manager is not a factor in this case. <u>See</u> <u>Billingsley v. Jefferson Cnty.</u>, 953 F.2d 1351, 1353 (11th Cir. 1992). However, to the extent that the district court even relied on this irrelevant factor, it does not change the fact Allen has otherwise failed to establish a prima facie case.

showing "markedly hostile" conduct outside "widely-accepted business norms").

Based on this same line of reasoning, we cannot say that the district court erred in granting summary judgment on Allen's claim under 42 U.S.C. § 2000a. This provision grants all people the right to the "full and equal enjoyment of the goods, services, facilities . . . of any place of public accommodation," including restaurants. Id. §§ 2000a(a), (b)(2). Given that Allen has staked his § 2000a claim entirely on the treatment he received as compared to the treatment the group of white men received, his failure to establish that these men were similarly situated, or to provide evidence of markedly hostile conduct on the part of restaurant employees, was a proper basis for granting summary judgment.

For the reasons stated above, we AFFIRM the district court's grant of summary judgment.